IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNI-PIXEL DISPLAYS, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-13-0202 |
| CONDUCTIVE INKJET TECHNOLOGY LTD., | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Uni-Pixel Displays, Inc. ("Uni-Pixel") originally brought this action against Defendant Conductive Inkjet Technology Limited ("CIT") in the 284th Judicial District Court of Montgomery County, Texas, where it was filed under Cause No. 13-01-00561. CIT filed a timely notice of removal. Pending before the court is Uni-Pixel's Motion for Remand, Request for Attorneys' Fees and Costs, and Request for Expedited Consideration and Oral Argument ("Motion for Remand") (Docket Entry No. 9). For the reasons explained below, the motion will be granted in part, and the case will be remanded.

**I. Background**

**A. Facts**

Uni-Pixel and CIT are technology companies that have exchanged confidential information over the course of their business

relationship. Uni-Pixel is incorporated under the laws of Delaware and maintains its principal place of business in Texas.[1] CIT is incorporated under the laws of and maintains its registered office in the United Kingdom.[2] On three separate occasions Uni-Pixel and CIT entered into a non-disclosure agreement ("NDA") in which each party promised not to disclose any exchanged confidential information to third parties.[3] The first NDA was effective beginning in 2005, the second in 2006, and the third in 2010.[4] The 2010 NDA, unlike the prior NDAs, contained a venue-selection clause: "THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF TEXAS, EXCEPT FOR ITS RULES CONCERNING THE CONFLICT OF LAWS, AND VENUE SHALL LIE EXCLUSIVELY IN THE COURTS OF MONTGOMERY COUNTY TEXAS."[5] The 2010 NDA also included an integration clause: "This Agreement is the sole agreement between the Parties with respect to the exchange of

---

[1] Notice of Removal, Docket Entry No. 1, ¶ 4; Plaintiff's Verified Original Petition, and Applications for Temporary and Permanent Injunctions ("Original Petition"), Ex. B to Notice of Removal, Docket Entry No. 1-1, ¶ 4.

[2] Notice of Removal, Docket Entry No. 9, ¶ 5.

[3] Motion for Remand, Docket Entry No. 9, p. 1; Notice of Removal, Docket Entry No. 1, ¶ 9.

[4] Mutual Non-Disclosure Agreement ("2005 NDA"), Ex. 1 to Motion for Remand, Docket Entry No. 9-1, ¶ 2; Agreement for Exchange of Proprietary or Confidential Information ("2006 NDA"), Ex. 2 to Motion for Remand, Docket Entry No. 9-2, ¶ 3; Mutual Non-Disclosure Agreement ("2010 NDA"), Ex. 3 to Motion for Remand, Docket Entry No. 9-3, ¶ 2.

[5] 2010 NDA, Ex. 3 to Motion for Remand, Docket Entry No. 9-3, ¶ 7.

Confidential Information divulged pursuant to the terms hereof. This Agreement supersedes any and all prior agreements."[6]

CIT commenced two actions in June of 2012 against Uni-Pixel in a United Kingdom ("UK") court "to remedy what it contends are Uni-Pixel's breaches of the 2005 NDA and equitable duties of confidence owed by Uni-Pixel to CIT."[7] In the UK litigation CIT seeks money damages as well as an injunction to prevent Uni-Pixel's further use of confidential information.[8]

### B. Procedural History

Uni-Pixel filed its Original Petition in state court on January 18, 2013.[9] Uni-Pixel asserts a cause of action for breach of contract, alleging that CIT violated the venue-selection clause contained in the 2010 NDA when it initiated the UK litigation.[10] Uni-Pixel requests declaratory judgment that Uni-Pixel did not breach "(i) the terms of the 2010 Agreement or (ii) the terms of the 2006 Agreement or (iii) the terms of the 2005 Agreement which were superseded by the 2010 Agreement."[11] Uni-Pixel also requests

---

[6]Id. ¶ 10.

[7]Notice of Removal, Docket Entry No. 1, ¶ 10.

[8]Id.

[9]Original Petition, Ex. B to Notice of Removal, Docket Entry No. 1-1.

[10]Id. ¶¶ 25-30.

[11]Id. ¶ 24.

a declaratory judgment that, under the 2010 NDA, Montgomery County, Texas is the exclusive venue for all disputes arising out of any of the NDAs.[12] Lastly, relying on the venue-selection clause, Uni-Pixel seeks an injunction to prevent CIT from taking further action in the UK litigation.[13]

CIT timely removed the action to this court on January 25, 2013, asserting diversity jurisdiction under 28 U.S.C. § 1332.[14] Uni-Pixel filed its Motion for Remand on February 4, 2013.[15] Uni-Pixel does not deny that the requirements of § 1332 are satisfied. Instead, Uni-Pixel argues that the venue-selection clause requires remand because Montgomery County, Texas, is the exclusive venue for claims related to the 2010 NDA.[16] Uni-Pixel also requests costs and attorney's fees under 28 U.S.C. § 1447(c).[17] CIT opposes the motion on two grounds. First, CIT argues that the venue-selection clause does not control this case because the 2010 NDA does not "supersede the contractual confidentiality provisions of the 2005 NDA."[18] Second, CIT argues that Uni-Pixel waived its

---

[12]Id. ¶¶ 20-24, 31-34.

[13]Id. ¶¶ 35-52.

[14]Notice of Removal, Docket Entry No. 1, ¶ 2.

[15]Motion for Remand, Docket Entry No. 9.

[16]Id. at 5-6.

[17]Id. at 11-12.

[18]Conductive Inkjet Technology Ltd.'s Opposition to Uni-Pixel Display Inc.'s Motion for Remand ("CIT's Opposition"), Docket Entry No. 15, p. 9.

right to challenge removal by consolidating claims based on the 2010 NDA with claims based on the 2005 NDA and the 2006 NDA.[19] In its reply Uni-Pixel maintains that the venue-selection clause requires remand.[20]

## II. Legal Standard

Under 28 U.S.C. § 1441(a)[21] any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. See Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). The removing party bears the burden of showing that subject matter jurisdiction exists and that the removal procedure was properly followed. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Removal jurisdiction depends on the plaintiff's state court pleadings at the time of removal. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003). Ambiguities or doubts are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723.

---

[19] Id. at 14.

[20] Plaintiff's Reply Brief in Support of Its Motion for Remand and Request for Attorneys' Fees and Costs ("Uni-Pixel's Reply"), Docket Entry No. 21, p. 1.

[21] Title 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

A party may contractually waive its right to removal "by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract." City of New Orleans v. Mun. Admin. Servs., 376 F.3d 501, 504 (5th Cir. 2004). To prevent a party from exercising the right to removal the waiver of that right must be "'clear and unequivocal.'" Id. (quoting McDermott Int'l, Inc. v. Lloyds Underwriters, 944 F.2d 1199, 1212 (5th Cir. 1991)). Accordingly, to establish exclusive venue, a venue-selection clause[22] "must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." New Orleans, 376 F.3d at 504. The language of the parties' contract also determines which causes of action are governed by the venue-selection clause. Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 222 (5th Cir. 1998). Federal law applies to determine the enforceability of venue-selection clauses in diversity cases. Alliance Health Group, 553 F.3d at 399; see also Blueskygreenland Envtl. Solutions, LLC v. Rentar Envtl. Solutions, Inc., 2012 WL 423399, at *5 (S.D. Tex. Feb. 8, 2012) ("'In diversity cases, federal law governs the analysis of the effect and scope of forum selection clauses.'"

---

[22]In accordance with the language used in the parties' agreement, the court employs the term "venue-selection clause" instead of the more common "forum-selection clause." There is no difference in meaning between the two. See Alliance Health Group v. Bridging Health Options, 553 F.3d 397, 399 (5th Cir. 2008).

(quoting Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000))).

### III. Analysis

As the removing party, CIT bears the burden of showing that removal was proper. See Manguno, 276 F.3d at 723. Uni-Pixel's sole basis for its Motion for Remand is that the venue-selection clause in the 2010 NDA renders removal improper.[23] CIT argues that the venue-selection clause does not apply because the 2010 NDA did not supersede the 2005 NDA.[24] CIT further argues that Uni-Pixel waived the right to enforce the venue-selection clause by consolidating claims based on the 2005 NDA and the 2006 NDA -- i.e., agreements that did not contain venue-selection clauses -- with claims based on the 2010 NDA.[25] The court is not persuaded by either argument.

For the venue-selection clause in the 2010 NDA to prevent CIT from exercising its removal rights the clause must be exclusive, see New Orleans, 376 F.3d at 504, and must govern the claims at issue. See Marinechance Shipping, 143 F.3d at 222. The 2010 NDA provides that "VENUE SHALL LIE EXCLUSIVELY IN THE COURTS OF

---

[23]Motion for Remand, Docket Entry No. 9; Uni-Pixel's Reply, Docket Entry No. 21.

[24]CIT's Opposition, Docket Entry No. 15, p. 9.

[25]Id. at 14.

MONTGOMERY COUNTY TEXAS."[26] The court concludes that this language establishes a "clear and unequivocal" waiver of the right to remove. See Collin County v. Siemens Business Services, Inc., 250 F. App'x 45, 47 (5th Cir. 2007) (holding that removal from state court in Collin County, Texas, was improper where clause provided that "venue for all actions in connection with this Agreement shall lie exclusively in Collin County, Texas" (internal quotation marks omitted)); Dixon v. TSE Int'l Inc., 330 F.3d 396, 398 (5th Cir. 2003) ("By agreeing to litigate all relevant disputes solely in 'the Courts of Texas,' [the defendant] waived its right to removal."). Accordingly, the venue-selection clause provides a valid waiver of removal rights as to disputes falling within its scope.

The language of the venue-selection clause is not limited in scope to certain categories of claims. Cf. Collin County, 250 F. App'x at 47 (venue-selection clause provided that "venue *for all actions in connection with this Agreement* shall lie exclusively in Collin County, Texas" (emphasis added) (internal quotation marks omitted)); Dixon, 330 F.3d at 397 (venue-selection clause applied to "*all controversies with respect to the execution, interpretation or performance of this Agreement*"). Instead, CIT agreed in the 2010 NDA that venue shall lie exclusively in the courts of Montgomery, Texas, without regard to the nature of the claim.

---

[26]2010 NDA, Ex. 3 to Motion for Remand, Docket Entry No. 9-3, ¶ 7.

The court concludes that this broad language is most reasonably interpreted to encompass the claims in Uni-Pixel's Original Petition. See Kochert v. Adagen Medical Int'l, Inc., 491 F.3d 674, 676 (7th Cir. 2007) (holding that fraudulent inducement claim fell within scope of venue-selection clause providing only that "*[b]uyer agrees to consent to jurisdiction, venue and forum in the State Court of Fulton County, Georgia, United States of America*" (internal quotation marks omitted)). In the breach of contract action Uni-Pixel alleges that CIT violated the "exclusive choice-of-venue clause for Montgomery County, Texas."[27] As the remedy for that breach Uni-Pixel seeks specific performance of the venue-selection clause in the 2010 NDA.[28] Furthermore, the declaratory judgment actions request declarations that require interpretation of the 2010 NDA -- specifically, whether the 2010 NDA superseded the previous NDAs.[29] Finally, based on the venue-selection clause in the 2010 NDA, Uni-Pixel seeks to enjoin the UK litigation.[30] Each of these claims is based on the 2010 NDA. The earlier NDAs are invoked only for the purpose of seeking a judgment that the 2010 NDA superseded those agreements.

---

[27]Original Petition, Ex. B to Notice of Removal, Docket Entry No. 1-1, ¶ 28.

[28]Id. ¶ 30.

[29]Id. ¶¶ 20-24, 31-34.

[30]Id. ¶¶ 35-52.

The court therefore rejects CIT's argument that Uni-Pixel has consolidated claims based on all three NDAs because none of the claims are based on either of the earlier NDAs. Moreover, although CIT argues at length that the 2010 NDA does not supersede the 2005 NDA, that question is not for this court to decide in ruling on the Motion for Remand. Having concluded that the venue-selection clause is exclusive, the court is only required to decide whether the venue-selection clause governs the claims at issue in this suit. Because the court concludes that the claims are based on only the 2010 NDA, the venue-selection clause applies. The merits of Uni-Pixel's claims, including the effectiveness of the integration clause in the 2010 NDA, will be decided in state court.

### IV.  Costs, Expenses, and Attorneys' Fees

Uni-Pixel also seeks reimbursement of its costs, expenses, and attorneys' fees under 28 U.S.C. § 1447(c).[31] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005). Even though the court concludes that removal was improper, the grounds on which CIT removed the action were not objectively unreasonable. The court will therefore deny Uni-Pixel's request for costs, expenses, and attorneys' fees.[32]

---

[31]Motion for Remand, Docket Entry No. 9, pp. 11-12.

[32]Uni-Pixel's request for expedited briefing and expedited consideration of the Motion for Remand is moot.

### V. Conclusion and Order

The venue-selection clause in the 2010 NDA is "clear and unequivocal" as to exclusivity, and Uni-Pixel's claims fall within its scope. The court therefore concludes that the venue-selection clause in the 2010 NDA prevents CIT from properly exercising its right to removal. Accordingly, Uni-Pixel's Motion for Remand, Request for Attorneys' Fees and Costs, and Request for Expedited Consideration and Oral Argument (Docket Entry No. 9) is **GRANTED in part, DENIED in part,** and **MOOT in part,** as follows:

(1) The Motion for Remand is **GRANTED,** and this action is **REMANDED** to the 284th Judicial District Court of Montgomery County, Texas. The Clerk of Court is directed to promptly send a copy of this Memorandum Opinion and Order of remand to the District Clerk of Montgomery County, Texas.

(2) The Request for Attorneys' Fees and Costs is **DENIED.**

(3) The Request for Expedited Consideration and Oral Argument is **MOOT.**

**SIGNED** at Houston, Texas, on this 30th day of April, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE